**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1402
_____

UNITED STATES OF AMERICA

v.

DEVON WILLIAMS,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:14-cr-00244-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 27, 2026

Before: HARDIMAN, SCIRICA, and AMBRO, *Circuit Judges*

(Filed: May 21, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This is an appeal from an order revoking Devon Williams's supervised release. Williams argues that the District Court should not have considered the need to promote respect for the law and provide just punishment when it imposed a mandatory revocation sentence under 18 U.S.C. § 3583(g). Because the District Court sentenced Williams consistent with our precedent, we will affirm.

I

After Williams was convicted on state charges for discharging a firearm into an occupied structure and receiving stolen property, he threatened to kill the judge who denied his request for bail modification. Williams pleaded guilty to mailing a threatening communication, in violation of 18 U.S.C. § 876(c). The District Court sentenced him to 48 months' imprisonment to be followed by three years' supervised release.

Within about one month of his release from prison, Williams violated his conditions of supervised release related to drug use and possession. The District Court revoked the term of supervised release and sentenced him to seven months' imprisonment and a new two-year term of supervised release.

After Williams was released, he again violated his supervised release conditions. He used marijuana on multiple occasions, failed to attend substance-abuse treatment, and resided out of the district. Even worse, he also burglarized a residence and robbed three people. Williams and his two confederates tied up the three victims and stole multiple firearms, silver bars, cell phones, and other personal items. One perpetrator brandished a

firearm. Williams was charged in state court, convicted after a jury trial, and sentenced to 13 to 26 years' imprisonment.

Williams's state crimes provoked a mandatory revocation proceeding under 18 U.S.C. § 3583(g). The District Court explained that it had to consider the sentencing factors in 18 U.S.C. § 3553(a). Williams's Guidelines range was 18 to 24 months' imprisonment, and the Court sentenced him to 18 months' imprisonment to run consecutive to his state sentence. The Court emphasized that Williams committed a "breach of trust" and committed very serious violations constituting new crimes. App. 41–42. The Court also noted the need to "promote respect for the law," "provide adequate deterrence for criminal conduct," and "protect the public." App. 42.

After the District Court imposed the sentence, Williams's counsel asked for clarification. Counsel noted that the Court had referred to "promot[ing] respect for the law" but had not relied on the need for just punishment in its sentence determination. *Id.* Counsel acknowledged that, under our precedent, the District Court could consider the need for just punishment but cautioned that the issue is "on appeal at the Supreme Court." *Id.* Counsel explained that he wanted to clarify the record for appellate purposes: "I just wanted to make sure that whatever Your Honor intended today be accurate because this is one where our appellate unit is going to pick up" and "I just wanted to make sure that the record was clear either one way or another." *Id.* In response, the Court cited *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014), which held that a sentencing court must consider the Section 3553(a) factors—including § 3553(a)(2)(A)'s requirement that a sentence "reflect the seriousness of the offense," "promote respect for the law," and

"provide just punishment"—in a mandatory revocation proceeding under § 3583(g). The Court then stated: "[T]o the extent that the argument would be that I didn't consider just punishment, I have considered just punishment, and I have considered it in the context of the breach of trust that has been engaged in by Mr. Williams in connection with his actions." App. 43. Counsel then replied: "That clarifies everything. Nothing further." *Id.*

Williams timely appealed.

II[1]

Williams failed to object to the District Court's consideration of the need to promote respect for the law and to provide just punishment at sentencing. So we review for plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc). Williams's counsel asserted that just punishment could be considered "under present Third Circuit law," but that the issue was "on appeal at the Supreme Court." App. 42. But after the District Court explained that this was a *mandatory* revocation under 18 U.S.C. § 3583(g) and that it was required by *Thornhill* to consider just punishment, counsel stated: "That clarifies everything. Nothing further." App. 43. At no point did counsel object to the District Court's sentencing determination.

On appeal, Williams argues that the District Court should not have considered the need to promote respect for the law and to provide just punishment in its revocation

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 3231 and 3583. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over a claimed error that turns on statutory interpretation. *See Thornhill,* 759 F.3d at 307 n.9.

4

sentencing determination. But the Court's consideration was proper because this case involved a mandatory revocation under § 3583(g). In *Thornhill*, we held that § 3583(g)'s use of the phrase "term of imprisonment" incorporates § 3582, which requires courts to "consider the factors set forth in section 3553(a)," 759 F.3d at 309—including § 3553(a)(2)(A), which directs courts to impose sentences that "promote respect for the law" and "provide just punishment." So the Court's analysis was consistent with *Thornhill*.

We note that the Supreme Court recently held that district courts cannot consider § 3553(a)(2)(A) in *discretionary* revocations under § 3583(e)(3). *Esteras v. United States*, 606 U.S. 185, 195–97 (2025). But *Esteras* did not resolve whether § 3553(a)(2)(A) is a permissible (or even a required) factor for *mandatory* revocations. *Id.* at 201–02. So *Thornhill* remains good law, and the District Court did not err, much less plainly err.

Even had the Court erred, Williams cannot show that the purported error affected his substantial rights, which alone is sufficient to deny his challenge under plain error review. *See United States v. Williams*, 974 F.3d 320, 340 (3d Cir. 2020). The District Court thoroughly explained the bottom-of-the-Guidelines sentence of 18 months' imprisonment after receiving evidence that proved the violations (including evidence of a violent robbery). And nothing suggests that the Court's brief references to just punishment and promoting respect for the law affected the disposition. Nor does Williams explain why, even assuming a prejudicial error, the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" such that we should

exercise our discretion to correct it. *Id.* at 340 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).[2]

* * *

For these reasons, the District Court committed no error, much less plain error, when it sentenced Williams under § 3583(g). We will affirm the judgment.

---

[2] Williams argues that his mandatory revocation punishes him "a second time for the same conduct" he was already sentenced for in state court, in violation of his Fifth and Sixth Amendment rights. Reply Br. 5. Because he only mentions it in passing, this argument is likely forfeited. *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023). Even so, we have rejected similar arguments against § 3583(g) before. *United States v. Seighman*, 966 F.3d 237, 239, 243–44 (3d Cir. 2020). And such a novel claim could not survive plain error review. *Id.* at 243–44.